# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WILLIE L. NELOMS, )
)
    Plaintiff, )
)
v. ) Case No. CV410-022
)
AL ST. LAWRENCE, CHATHAM )
COUNTY DETENTION CENTER, )
CONNIE MILES, and PRISON )
HEALTH SERVICES, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Willie L. Neloms sought leave to proceed *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 prisoner civil rights case. (Doc. 2.) The Court granted him IFP status based, in part, upon his representation that he had no money in his prison trust account and had made no deposits in the past six months. (*Id.* at 2; doc. 3.) Thereafter, Neloms submitted his prison trust account statement, which paints a very different picture. Neloms has had over $800 deposited in this trust

account since April 29, 2009, and $395 of that amount was deposited in his account during the six months prior to his filing suit. (Doc. 4 at 2.)

Based upon his misleading representation, the Court ordered Neloms to show cause why his case should not be dismissed. (Doc. 7.) In his response to that order, Neloms insists that because his account never exceeded $350, he did not have to "go into detail" in his IFP motion. (Doc. 8.) To Neloms, his independent assessment that he "didn't have the kind of money" necessary to file the suit gave him license to falsely claim he had *no* money in his account. (*Id.*)

The questions posed in the form IFP motion are focused upon determining whether, considering the entirety of a plaintiff's financial situation, he can afford to prepay all or some portion of the Court's filing fee. *See* 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). Frustrating that purpose, Neloms lied about his financial situation, and he did so not just once but multiple times. Under penalty of perjury, Neloms stated that "0" dollars had been deposited in his account over the past six months and that his current

account balance was "0" dollars. At the time he filed suit, nearly $400 had been deposited in the preceding six months and he had a balance of over $200. And Neloms now admits that he received around $800 from his last paycheck. (Doc. 8.) Yet on his IFP motion he checked "no" in response to question 2(b), which asked whether he had received any employment income over the last twelve months. (Doc. 2 at 1.)

Rule 11(b) of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b). *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Dismissing a case based on dishonesty in filings is an appropriate sanction. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff had lied under penalty of perjury about the existence of a prior lawsuit),

*abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Here, dismissal is the appropriate remedy. *See Flowers v. Life University*, 2006 WL 562192 at *1 (N.D. Ga. Mar. 7, 2006) (holding that dismissal appropriate where plaintiff seriously underrepresented his assets in an IFP application -- "[a]llowing th[e] action to proceed in spite of [plaintiff's] flagrant misrepresentations would set a terrible precedent for this district.").

Additionally, under 28 U.S.C. § 1915(e)(2)(A), the court "shall dismiss [IFP cases] at any time if it determines that . . . the allegation of poverty is untrue". Here, Neloms has flagrantly misrepresented his assets, and his allegation of poverty is untrue. Over the course of his incarceration, he has accumulated more than enough money to prosecute this action but instead chose to spend those funds on other matters. Hence, this case is subject to dismissal without prejudice on that ground. *See Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming dismissal of complaint without prejudice where inmate had $1,818 in deposits made into his account over the previous six months).

This case should be **DISMISSED** under Fed. R. Civ. P. 11 and § 1915(e)(2)(a). Additionally, it should count as a strike under 28 U.S.C. § 1915(g).

**SO REPORTED AND RECOMMENDED** this  29th  day of March, 2010.

/s/ signature
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA